## WILSON v. SELIGMAN.

*(Circuit Court, E. D. Missouri, E. D.   September 17, 1888.)*

CORPORATIONS — STOCKHOLDERS — PERSONAL LIABILITY — NOTICE — PERSONAL
SERVICE WITHOUT STATE.
   A notice of an application under Rev. St. Mo. § 736, for an execution against
   a stockholder on a judgment against a corporation confers no jurisdiction of
   the person, if served personally without the state.

At Law.

*James S. Bottsford*, for plaintiff.

*James O. Broadhead* and *John O'Day*, for defendant.

BREWER, J.   The facts in this case are these:   Plaintiff, in the circuit
court of the city of St. Louis, on April 2, 1883, recovered a judgment
against the Memphis, Carthage & Northwestern Railroad Company, a
corporation created under the laws of the state of Missouri, for $72,-
799.38.   Execution was issued on such judgment, and returned unsat-
isfied.   On the 9th day of July, 1883, a motion in writing was filed in
the said court for an order directing the issue of an execution against
this defendant as an alleged stockholder in such corporation, under the
provisions of section 736 of the Revised Statutes.   The defendant being
a non-resident, and not found within the state, notice of this motion was
served upon him personally in the state of New York, the place of his
residence.   Notice was also published by posting in the clerk's office in
St. Louis.   On the 3d day of December, 1883, defendant not appearing,
the motion was sustained, and execution ordered in favor of the plaintiff
against the defendant.   Thereafter, on the 9th day of May, 1887, a suit
was commenced in the circuit court of St. Louis by this plaintiff against
this defendant upon such judgment and order; defendant, being within
the state, was served personally.   Thereupon the case was transferred to
this court, and the single question now presented is whether the state
court had jurisdiction of the person of the defendant, a non-resident of
and not found within the state, and served by personal notice in the state
of New York.   The effect of this proceeding, if sustained, is to subject
a non-resident having no property within this state to a personal judg-
ment when he is not served within the state, and only served by process
going out of the courts in this state into the territorial jurisdiction of
another.   But for the fact that the defendant is alleged to have been at
the time a stockholder in the corporation against which judgment was
rendered, there would be no room for question.   The case of *Pennoyer*
v. *Neff*, 95 U. S. 714, would be decisive.   In that case the court says:

"But where the entire object of the action is to determine the personal rights
and obligations of the defendants, that is, where the suit is merely *in per-
sonam*, constructive service in this form upon a non-resident is ineffectual
for any purpose.   Process from the tribunals of one state cannot run into an-
other state, and summon parties there domiciled to leave its territory and re-
spond to proceedings against them.   Publication of process or notice within

the state wherein the tribunal sits cannot create any greater obligation upon a non-resident to appear. Process sent to him out of the state, and process published within it, are equally ineffectual in proceedings to establish his personal liability."

But the argument is that a corporation derives all its franchises and powers from the state of Missouri, and that in creating such corporation the state has prescribed the liability of all its stockholders, and the methods of enforcing such liabilities; that whoever takes stock in such corporation takes it subject to such conditions, and assents to the enforcement of liability in the manner prescribed; that the circuit courts of the state of Missouri are courts of general original jurisdiction, and their findings upon the jurisdictional fact that the defendant was a stockholder cannot be collaterally questioned.

Elaborate briefs have been filed *pro* and *con*. If I do not enter into any extended discussion it is not because the field is not ample, and authorities abundant, but because from the amount in controversy, and the past history of similar litigation, I know the case will go to the supreme court, and extended discussion here would be superfluous. I am content to simply state my views. In the light of *Pennoyer* v. *Neff*, process issued from the courts in this state has no potency outside of its territorial limits. Before any adjudication can be made against a party that party must be subject to the jurisdiction of the court. Before the court has any authority to inquire whether defendant is a stockholder, it must have him in court. No adjudication, even of the matter of jurisdiction, can affect a party who is not before the court. There is no presumption here from the silence of the record in favor of the judgment of a court of general jurisdiction, for the manner of service is disclosed. It may be as a matter of fact defendant was a stockholder, though that fact is denied; but the same argument which would sustain this judgment against defendant would sustain a similar judgment against any man, living wheresoever he might, upon whom plaintiff might see fit to serve notice, and against whom he might make some *prima facie* showing. So far as all interests which any stockholder may have in a Missouri corporation are concerned, they may be reached by process against the corporation, served in any manner or at any place that the state may authorize; but, so far as any personal liability is concerned, it cannot be adjudged against any individual until the fact that he is a stockholder is determined by some competent tribunal having previously thereto acquired jurisdiction of his person. With these views, judgment must be entered for the defendant.